Benjamin I. Rubinstein
Benjamin.Rubinstein@klgates.com
K&L Gates LLP
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001

*Attorneys for Plaintiffs*
*AVENTISUB LLC, CHATTEM, INC.,*
*and SANOFI-AVENTIS US LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVENTISUB LLC, CHATTEM, INC., and SANOFI-AVENTIS US LLC, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No.<br>) |
| v. | )<br>) |
| ENG SALES LLC | )<br>) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## JURY DEMAND

Plaintiffs Aventisub LLC, Chattem, Inc., and Sanofi-Aventis US LLC (collectively "Sanofi") by and through its undersigned counsel, complains of Defendant ENG Sales LLC's ("Defendant") misconduct and alleges as follows:

## NATURE OF ACTION

1. Sanofi seeks injunctive relief and monetary damages for Defendant's trademark infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Defendant's infringing conduct.

2. This case concerns Defendant's wrongful, misleading promotion and sale of Sanofi products (the "Allegra Products") through online commerce sites. Defendant has and continues to falsely advertise the Allegra Products they offer for sale and sell to consumers in the United States through online commerce sites, including, but not limited to, Amazon.com, under the seller account "Stam Sales," Amazon Seller ID A3R8FRN6P9FT3S.

3. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce, a likelihood of confusion and deception amongst consumers of Allegra Products, to the irreparable injury of Sanofi and its customers.

4. Accordingly, this action seeks permanent injunctive relief and damages for Defendant's trademark infringement, false advertising, and unfair competition.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

6. Defendant is subject to personal jurisdiction in this forum because it is a New Jersey limited liability company; because Defendant is physically located in the state of New Jersey and sells products within the United States, the State of New Jersey, and this District; because Defendant misrepresented the nature of products to residents of the United States, the State of New Jersey, and this District; because Defendant has caused injury to Plaintiffs in the United States, the State of New Jersey, and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the United States, the State of New Jersey, and this District; and because Defendant regularly conducts or solicits business within the United States, the State of New Jersey, and this District.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

8. Plaintiff Aventisub LLC d/b/a Sanofi is a Delaware limited liability company with a principal place of business at 55 Corporate Drive, Bridgewater, NJ 08807.

9. Plaintiff Chattem, Inc is a Tennessee corporation with a principal place of business at 55 Corporate Drive, Bridgewater, NJ 08807.

10. Plaintiff Sanofi-Aventis US LLC is a Delaware limited liability company with a principal place of business at 55 Corporate Drive, Bridgewater, NJ 08807.

11. Defendant ENG Sales LLC, d/b/a Amazon Seller Stam Sales, is a New Jersey limited liability company with a principal place of business in Ocean County, New Jersey. It sells products, including those at issue in this lawsuit, through its Amazon.com account "Stam Sales."

12. Amazon.com has assigned Defendant's Stam Sales storefront the user ID A3R8FRN6P9FT3S.

## FACTS

*Sanofi Trademark Usage*

13. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with over-the-counter consumer health products (hereinafter, the "Allegra Marks"). The Allegra Marks include, but are not limited to:

| Mark | Registration Number | Registration Date |
|---|---|---|
| ALLEGRA | 6,214,890 | Dec. 6, 2020 |
| ALLEGRA | 5,325,748 | Oct. 31, 2017 |

| ALLEGRA | 5,325,746 | Jan. 30, 2017 |
| ALLEGRA 24 HOUR | 4,136,435 | May 1, 2012 |
| ALLEGRA | 4,050,384 | Nov. 1, 2011 |
| ALLEGRA | 2,067,728 | Jun. 3, 1997 |

14. The Allegra Marks have been in continuous use since at least their respective dates of registration.

15. Sanofi advertises, distributes, and sells its Allegra Products to consumers under the Allegra Marks.

16. Sanofi has also acquired common law rights in the use of the Allegra Marks through the United States.

17. The federal trademark registrations for the Allegra Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Allegra Marks.

18. Sanofi has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Allegra Marks throughout the United States and the world. As a result of such advertising and promotion, Sanofi has established substantial goodwill and widespread recognition in the Allegra Marks, and the marks have become famous and associated exclusively with Sanofi and its products by both customers and potential customers, as well as the general public at large.

19. To create and maintain such goodwill among its customers, Sanofi has taken substantial steps to ensure that products bearing the Allegra Marks are of the highest quality. As

a result, the Allegra Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

20. As a result of, *inter alia*, the care and skill exercised by Sanofi in the conduct of its business, the high quality of the goods sold under the Allegra Marks, and the extensive advertising, sale, and promotion by Sanofi of its products, the Allegra Marks have acquired secondary meaning in the United States and the world, including this District.

21. Sanofi is not affiliated with Defendant, and Defendant is not authorized to use the Allegra Marks.

***Allegra Products***

22. Sanofi is recognized throughout New Jersey, the United States, and the world as a leading manufacturer of over-the-counter consumer health products. Sanofi strives to build a healthier future by helping people help themselves. Sanofi empowers people to champion better self-care for themselves, their communities and the planet, through their consumer inspired science-based products and solutions. Through the Sanofi brands, Sanofi elevates creativity and makes health as simple as it should be, helping more people play an active role in their health.

23. Sanofi develops, manufactures, and sells a vast portfolio of healthcare solutions around the globe from prescriptions medicines and consumer health products to vaccines and medical devices. Sanofi is obliged to meet legal and regulatory requirements to the safety of products through their entire life cycle, from research to end use, and also aims to protect patient health by monitoring the safety of its medicines and constantly assessing the benefits/risk profile of its products.

24. Moreover, Sanofi is committed to safeguarding the integrity and traceability of its products as a partner in the global fight against medical products that deliberately or fraudulently

misrepresent their identity, composition or source ("falsified medicine"). To assist in this fight, in 2008, Sanofi created its Central Anti-Counterfeiting Laboratory.

25. Allegra Products go through rigorous testing and quality control in order to protect consumers. This ensures that the products consumers receive are authentic, contain active ingredients, correct dosages, and do not include dangerous additives.

26. To safeguard consumers, Sanofi includes safety seals, batch numbers, and expiration dates on its products.

***Defendant's Infringing and Improper Conduct***

27. Defendant has sold and is currently selling products bearing the Allegra Marks on several online retail platforms, including, but not limited to, Amazon.com, using the seller name "Stam Sales."

28. Sanofi has never authorized or otherwise granted Defendant permission to sell Allegra Products.

29. Upon information and belief, Defendant represents that the Allegra Products Defendant offers for sale on Amazon.com are "new" despite the fact that they are expired, used, closed-out, liquidated, and/or non-genuine product of unknown origin.

30. Defendant's advertisement of Allegra Products and use of the Allegra Marks provide customers with a false assurance that the products they purchase from Defendant conform with Sanofi's high standards, contain active ingredients, and most importantly, are safe.

31. Despite being advertised as "new," the Allegra Products Defendant actually sells and delivers to consumers in the United States are used and/or expired. Defendant knowingly sells expired Allegra Products and removes and/or hides the expiration dates to deceive consumers.

32. The U.S. Food and Drug Administration ("FDA") requires an expiration date on over-the-counter medicines because it is a critical part of deciding if the product is safe to use and will work as intended. The FDA advises that "expired medical products can be less effective or risky due to a change in chemical composition or a decrease in strength."[1] Thus, Defendant's conduct of selling expired Allegra Products poses health and safety risks to consumers.

33. Upon information and belief of Defendant's sale of expired, used, closed-out, liquidated, and/or non-genuine product of unknown origin, Sanofi purchased Allegra Products from the Defendant's Amazon.com storefront Stam Sales.

34. Defendant failed to deliver all of the Allegra Products purchased, however, those that were received were either expired Allegra Products or Allegra Products that were expiring in one to three months' time.

35. For example, Sanofi ordered Allegra Gel Caps from Defendant on or around February 26, 2024. Sanofi received the delivery on March 23, 2024. The expiration date located on the outside packaging contained an expiration date of February 2024, as shown below.

---

[1] *See* https://www.fda.gov/drugs/special-features/dont-be-tempted-use-expired-medicines

7



36.     Not only is Defendant placing inferior Allegra Products into the stream of commerce in the United States and advertising them as "new," Defendant is creating health and safety risks for consumers.

37.     In addition to harm to consumers, the sale of used and expired Allegra Products directly harms Sanofi. When consumers purchase Allegra Products from Defendant, they expect that the products they receive are new and within the expiration date. Instead, their image of Sanofi is diminished because they receive expired, used, or non-genuine product of unknown origin. Sanofi's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendant's conduct, Sanofi suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

38. Defendant's conduct results in consumer confusion, the dilution of Sanofi's goodwill and trade name, as well as lost sales and profits.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

39. It would be difficult to overstate the importance that the assured quality of Sanofi's products has for consumers. Consumers purchase Sanofi products, and more specifically the Allegra brand, for the sole purpose of ingesting the over-the-counter drug to treat and prevent symptoms of allergies like itchy eyes, sneezing, and hives. Consumers rely on the Sanofi name, to ensure that they are consuming a product that contains proper active ingredients, as advertised and is within the date of expiration.

40. The harm being caused by the Defendant in this case is not theoretical. Consumers have complained about Defendant's sale of used and expired product. Specifically. consumers have complained:

- "2 purchases and both of the boxes of Allegra were badly torn up and opened. This didn't happen in transit as there were pieces of the boxes missing. Not good at all when you're (*sic*) product is a medicine. The expiration dates were missing from the boxes due to the torn missing parts of the boxes."

- "I received item on 3/21 an expiration date on bottle 06/24. Be aware and check your expiration dates from this third party seller. Item was not returnable probably because third party seller knows it is expiring in 2 months."

- "Took a month to receive this item, not acceptable for a medical item that we were almost out of."

- "Seller does not take care to ensure product packaging is sealed. This is 'Medicine' and no one wants to receive or take unmarked products in an open box."

- "The box was ripped and opened, but the seal was still intact. It looked like someone threw it out and pulled it out of the garbage."

41. Defendant's conduct causes—and has caused—consumer confusion as well as the dilution of Sanofi's goodwill and trade name.

42. The sale of Allegra Products by Defendant interferes with Sanofi's ability to control the quality of Allegra Products sold to consumers.

43. Additionally, by offering products bearing the Allegra Marks to consumers in the United States without expiration dates, Defendant causes Allegra Products to enter the stream of commerce in the United States that do not comply with applicable state and federal regulations, creating product liability exposure for Sanofi, as well as damage to Sanofi's goodwill and reputation.

44. Defendant's conduct results in the lessening of sales of authorized and properly advertised Allegra Products to the detriment of Sanofi.

45. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Sanofi's irreparable harm.

**COUNT I**
**Federal Trademark Infringement, False Advertising, and Unfair Competition**
**In Violation of 15 U.S.C. § 1125**

46. Sanofi hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. The Allegra Marks and the goodwill of the business associated with them are tremendously valuable in the United States and worldwide because they are distinctive and universally associated in the public perception with the highest quality over-the-counter consumer health products.

48. By selling or distributing products using the Allegra Marks as alleged herein, Defendant is engaging in trademark infringement, false advertising, and unfair competition in violation of 15 U.S.C. § 1125(a).

49. By advertising or promoting products using the Allegra Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of their goods and services in violation of 15 U.S.C. § 1125(a).

50. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Allegra Marks, thereby causing immediate, substantial, and irreparable injury to Sanofi.

51. By selling and advertising products under the Allegra Marks as alleged herein, Sanofi is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

52. Sanofi is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

53. As a direct and proximate result of Defendant's actions, Sanofi has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, Sanofi's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Sanofi is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

54. Upon information and belief, Defendant's infringing actions were committed fraudulently, willfully, and in bad faith, with knowledge of Sanofi's exclusive rights to, and goodwill in, the Allegra Marks, or with willful blindness to the same, and with the intent to cause confusion, to cause mistake, and/or to deceive.

55. Defendant's unauthorized use of the Allegra Marks constitutes trademark infringement of the federally registered Allegra Marks and has caused substantial damage to Sanofi and to the reputation and goodwill symbolized by the Allegra Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, in an amount to be proven at trial.

56. Defendant's conduct described above, including the unauthorized use of the Allegra Marks in interstate commerce, has directly and proximately caused substantial, irreparable injury to Sanofi and to the business and goodwill represented by the Allegra Marks, which leaves Sanofi without an adequate remedy at law.

## RELIEF REQUESTED

**WHEREFORE**, Sanofi prays for judgment in its favor and against Defendant providing the following relief:

1. For an entry of judgment in favor of Sanofi and against Defendant on each of Defendant's claims for relief alleged in this Complaint;

2. For a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform or any other website, website host, website administrator, domain registrar, or internet service provider from:

   a. using, or attempting to use, any of Sanofi's intellectual property, including, but not limited to, the Allegra Marks;

   b. acquiring, or taking any steps to acquire, any products bearing the Allegra Marks;

   c. selling, or taking any steps to sell, any products bearing the Allegra Marks;

      d.      engaging in any activity constituting unfair competition with Sanofi; and

      e.      inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

3.      For a determination that Defendant's acts of trademark infringement constitute cases of willful and exceptional infringement;

4.      Award Sanofi its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

5.      Award Sanofi Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6.      Award Sanofi its reasonable attorneys' fees in bringing this action as allowed by law;

7.      Award Sanofi pre-judgment and post-judgment interest in the maximum amount allowed under the law;

8.      Award Sanofi the costs incurred in bringing this action; and

9.      Grant Sanofi such other relief as this Court deems just and proper.

Dated:  April 10, 2024                        Respectfully submitted,

                                        By:   */s/ Benjamin I. Rubinstein*
                                                  Benjamin I. Rubinstein
                                                  Benjamin.Rubinstein@klgates.com
                                                  **K&L GATES LLP**
                                                  One Newark Center, 10th Fl.
                                                  Newark, NJ 07102
                                                  P: 973-848-4000
                                                  F: 973-848-4001

                                                  And

                                                  Morgan T. Nickerson (*pro hac vice* application forthcoming)

Christopher S. Finnerty (*pro hac vice* application forthcoming)
K&L Gates LLP
1 Congress Street
Boston, MA 02111
P: 617-261-3100
F: 617-261-3175

*Attorneys for Plaintiffs AVENTISUB LLC, CHATTEM, INC., and SANOFI-AVENTIS US LLC*

## REQUEST FOR TRIAL BY JURY

Plaintiffs hereby request a trial by jury on all counts so triable.

Dated: April 10, 2024

          /s/ Benjamin I. Rubinstein
Benjamin I. Rubinstein
Benjamin.Rubinstein@klgates.com
**K&L Gates LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001

And

Morgan T. Nickerson (*pro hac vice* application forthcoming)
Christopher S. Finnerty (*pro hac vice* application forthcoming)
K&L Gates LLP
1 Congress Street
Boston, MA 02111
P: 617-261-3100
F: 617-261-3175

*Attorneys for Plaintiffs AVENTISUB LLC, CHATTEM, INC., and SANOFI-AVENTIS US LLC*